UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NIASPAN ANTITRUST LITIGATION                                                     MDL No. 2460


TRANSFER ORDER


**Before the Panel:** Pursuant to 28 U.S.C. § 1407, defendants Abbott Laboratories, AbbVie, Inc., AbbVie Respiratory LLC (collectively, "Abbott"), and Kos Pharmaceuticals, Inc. ("Kos"), move to centralize this litigation in the Southern District of New York. This litigation currently consists of eight actions pending in two districts, as listed on Schedule A.[1] The actions allege that defendants[2] entered into anticompetitive agreements with respect to generic competition for the prescription drug Niaspan, an extended-release form of niacin used to treat patients with mixed lipid disorders.

All responding parties support centralization, but disagree as to the transferee district. All defendants support centralization in the Southern District of New York. Plaintiffs in seven actions pending in the Eastern District of Pennsylvania seek centralization there. Plaintiff in one District of Rhode Island action supports centralization in that district.

Although all parties agree on centralization of this litigation, the Panel has an institutional responsibility to consider whether centralization is necessary to achieve efficiencies and promote justice. *See In re Gerber Probiotic Prods. Mktg. and Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012). In light of the low number of involved districts, we have considered whether transfer under 28 U.S.C. § 1404 is preferable to centralization. Here, we are not convinced that Section 1404 transfer is a viable alternative. No motion to transfer pursuant to Section 1404 has been filed in any action, and plaintiff in the District of Rhode Island action has argued that its district should be given preference because it is the only plaintiff with an attachment to its forum. Further, at oral argument there was strong agreement among the parties that transfer of the District of Rhode Island action under Section 1404 was not practicable.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions are putative nationwide class actions alleging that defendants

---

[1] The Panel has been notified of eight additional related actions. These and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

[2] The defendants are the Abbott and Kos companies; Teva Pharmaceuticals USA, Inc.; Teva Pharmaceuticals Industries Ltd.; Barr Pharmaceuticals; Duramed Pharmaceuticals, Inc. (n/k/a Teva Women's Health Inc.); and Duramed Pharmaceuticals Sales Corp.

-2-

violated federal and state antitrust laws by conspiring to suppress generic competition for Niaspan through, among other things, entering into reverse payment agreements in which Kos, Abbott, and their affiliates allegedly agreed to pay the generic manufacturer substantial sums in exchange for delaying entry of its less expensive generic version of Niaspan into the market.  Common questions of fact include whether defendants entered into agreements to suppress generic competition for Niaspan; the effect of the alleged agreements in the market for Niaspan and generic equivalents; and the measure of damages for direct and indirect purchasers.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Eastern District of Pennsylvania is an appropriate transferee district for this litigation.  Seven of the eight actions are pending in this district, and eight potential tag-along actions also are pending there.  This district is located near two defendants' principal offices in the United States and is both convenient and accessible for the parties and witnesses.  Judge Jan E. DuBois is an experienced transferee judge who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Eastern District of Pennsylvania is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Jan E. DuBois for coordinated or consolidated pretrial proceedings with the actions pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil            Paul J. Barbadoro
Marjorie O. Rendell       Charles R. Breyer
Lewis A. Kaplan            Sarah S. Vance

IN RE: NIASPAN ANTITRUST LITIGATION                           MDL No. 2460

## SCHEDULE A

Eastern District of Pennsylvania

United Food & Commercial Workers Union and Midwest Health Benefits Fund v. AbbVie, Inc., et al., C.A. No. 2:13-01747
Professional Drug Company, Inc. v. Abbott Laboratories, et al., C.A. No. 2:13-01792
Rochester Drug Co-Operative, Inc. v. Abbott Laboratories, et al., C.A. No. 2:13-01820
United Food and Commercial Workers Local 1776 & Participating Employers Health and Welfare Fund v. Abbott Laboratories, et al., C.A. No. 2:13-01977
Painters District Council No. 30 Health & Welfare Fund v. AbbVie Inc., et al., C.A. No. 2:13-02343
New York Hotel Trades Council & Hotel Assoc. of New York City, Inc. Health Benefits Fund v. AbbVie Inc., et al., C.A. No. 2:13-02523
Electrical Workers 242 and 294 Health & Welfare Fund v. AbbVie, Inc., et al., C.A. No. 2:13-02861

District of Rhode Island

City of Providence, Rhode Island v. AbbVie Inc., et al., C.A. No. 1:13-00292